BERNICE FERDINAND                           CIVIL ACTION

VERSUS                                      No. 09-1434

REPUBLIC FIRE &
CASUALTY INSURANCE;                         SECTION "B" (1)
REPUBLIC GROUP

## ORDER AND REASONS

Before the Court is Defendants Republic Fire & Casualty Insurance Company's Motion to Dismiss. (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**. The Plaintiff is granted leave to amend their claim for breach of contract and violation of penalty statutes within fourteen days on entry of this order.

## *BACKGROUND*

This matter was originally filed in the Easter District of Louisiana as part of a mass joinder action entitled *Chudd & Arvis Abram, et al v. AAA Insurance, et al,* Civil Action No. 07-205, Section "K"(2). On January 12, 2009, Magistrate Judge Wilkinson issued a Severance Order in the *Abram* matter. Subsequently, Plaintiff filed a First Amended Complaint on January 20, 2009.

The plaintiff's cause of action arises out of the following facts: On August 29, 2005, at the time of Hurricane Katrina,

1

Plaintiff had in effect a policy of property insurance on their property issued by Defendants Republic Group. On August 29, 2005, Hurricane Katrina caused damage to Plaintiff's property, including but not limited to roof damage and damage to the interior, including its contents. This damage also rendered the real property uninhabitable for an extended period of time. The Plaintiff alleges that this damage was caused by wind and wind driven rain. The Plaintiff's claim that wind was the efficient proximate cause of all this damage, causing a loss to the property. The Plaintiff also stated in the amended complaint that the property also received flood damage.

As a result of the aforementioned events, Defendant was required to pay each Plaintiff for damage to structure, other structure, debris removal, and loss of use. Instead, Defendant made only partial payment. Plaintiff alleges that the partial payment did not constitute full payment of all the damage caused by wind and wind drive rain and Defendant still owes Plaintiff additional policy benefits for all the damage caused by wind and wind driven rain.

Defendant contends that Plaintiff's First Amended Complaint (Rec. Doc. No. 1) makes the same generic complaints as the *Abrams* complaint which originally was alleging claims against multiple insurers on behalf of multiple plaintiffs. Defendant claims that Plaintiff fails to include any factual allegations specific to this

particular Plaintiff's claim against Republic to make the requisite showing that Plaintiff is entitled to relief.

Defendant also contends that Plaintiff has failed to state a cause of action for damages given the anti-concurrent causation clause in the policy issued by Republic. Defendant also contends that Plaintiff has failed to allege the essential elements of its claims for breach of contract, and for bad faith damages.

Plaintiff contends that he is seeking recovery for damages under his homeowner's policy caused by wind and wind drive rain, not flood damages. Additionally, Plaintiff contends that it has properly alleged a claim for breach of contract by specifically stating in Paragraph IV of its amended complaint "under the insuring clause defendant was required to indemnify Plaintiff against all risk of physical loss to the real and personal property insured by the contract of insurance." Additionally in paragraph V of the First Amended Complaint, plaintiff states that, "Defendant was required to pay each Plaintiff for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses). Instead Defendant made only partial payment. Finally, Plaintiff contends that because the aforementioned causes of actions are viable so is the bad faith claim.

***DISCUSSION***

**A.   Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts have found that dismissal pursuant to this provision "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  Until recently, the standard for a motion to dismiss was often phrased in such a way that a district court could not dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The Supreme Court, however, recently noted that the phrase "no set of facts" "is best forgotten as an incomplete, negative gloss on an accepted pleading standard..." *Bell Atlantic Corp. v. Twombly*,

127 S.Ct. 1955, 1969 (2007). The Court went on to note that the standard, in reality, remains the same, that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey*, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001).

**B. The Anti-Concurrent Causation (ACC) Clause In The Republic Policy**

Republic contends that Plaintiffs claim should be dismissed because the uncompensated damage to which Plaintiff refers to in the complaint is excluded by the anti-concurrent clause in Plaintiff's policy. The Court finds that dismissal on this basis is premature. Plaintiff undoubtedly alleges in the amended complaint that he suffered wind damage to his property and that Republic has failed to pay Plaintiff the amount that is owed for

that damage under the Plaintiff's homeowner's policy.  Accepting
the allegations in the complaint as true for purposes of this
motion, the Court cannot conclude that flooding caused all of
Plaintiff's uncompensated damage so that claims for that damage
are barred by the water/flood damage exclusion clause.  Republic
is essentially asking this Court to make a factual determination
as to the cause of Plaintiff's damage.  This is inappropriate on
a motion to dismiss.  *Gates v. Auto Club Insurance Company*, 2007
WL 1464259 *1, *3 (E.D.L.A.).  Accepting the allegations in the
complaint as true, the Court finds that Plaintiff has
sufficiently stated claims under Louisiana Law arising from
Republic's failure to pay for covered damage to Plaintiff's
property.

**B.    Breach of Contract**

The Fifth Circuit requires that, "[t]o state a claim for
breach of an insurance contract under Louisiana Law, a Plaintiff
must allege a breach of a specific policy provision."  *Louque v.
Allstate Insurance Company,* 314 F.3d 776, 782 (5th Cir.
2002)(citing *Bergeron v. Pan Am. Assurance Co.,* 731 So.2d 1037,
1045 (La. App. 1999); *See also Henry v. Allstate Insurance
Company,* 2007 WL 2287817 (E.D.L.A.).  The Plaintiff, in this
case, points to no specific policy provisions in their complaint.
Instead Plaintiff generically states that he has properly alleged
a claim for breach of contract by specifically stating in

6

Paragraph IV of its amended complaint "under the insuring clause defendant was required to indemnify Plaintiff against all risk of physical loss to the real and personal property insured by the contract of insurance." Additionally in paragraph V of the First Amended Complaint, plaintiff states that, "Defendant was required to pay each Plaintiff for damage to structure, other structures, contents, debris removal and loss of use/ALE (additional living expenses). Instead Defendant made only partial payment. *Bergeron, Lowery, and Louque* control here. However, while the Plaintiff's amended complaint is vaguely and inartfully crafted, this Court must resolve all doubts regarding the sufficiency of the Plaintiff's claims in the his favor. Considering the *Lowery* standard for dismissing a Plaintiff's claim, the Court declines to dismiss the individual breach of contract claim, but instead will allow the Plaintiff the opportunity to amend the complaint to correct the *Bergeron* deficiencies, if at all possible.

## C.  Bad Faith Claim

Louisiana Revised Statutes 22:658 and 22:1220 announce statutory penalties that may be imposed on insurance companies for improper handling of first-party property insurance claims. Section B of La. R.S. 22:1220 outlines five causes of action against an insurer: misrepresenting insurance police provisions relating to coverage, failing to pay a settlement timely after an agreement is reduced to writing, denying coverage or attempting

to settle a claim on an altered application without the insured's consent, misleading the claimant as to the prescriptive period, and arbitrarily failing to settle claims timely after receiving satisfactory proof of loss.

Louisiana courts have held that "because R.S. 22:1220 is penal in nature, strict construction of the statute is required and that the five instances specified in section B are exclusive." *Henry v. Allstate Insurance Company,* 2007 WL 2287817 (E.D.L.A.)(citing *Armstrong v. Rabito,* 669 So.2d 512, 514 (La.App. 1995); *See also Hart v. Allstate Ins. Co.,* 437 So.2d 823 (La. 1983).

Louisiana courts have also held that unless one of the prohibited acts specified in 22:1220 is asserted by Plaintiff, then the claims must be dismissed. *Henry, 2007 WL 2287817 at *6, Armstrong,* 669 So.2d at 514, *Boatner v. State Farm Mutual,* No. 92-C-1248 (La.App. Sept. 28, 1992).

Plaintiff contends that he is entitled to recover penalties because Republic failed to tender timely and sufficient payment. Plaintiff's conclusory remark without more is deficient.  Because the Court will allow the Plaintiff to cure the obvious breach of contract pleading deficiencies, the plaintiff will also have a chance to cure their bad faith deficiencies as well.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**. The Plaintiff is granted leave to amend their claim for breach of contract and violation of penalty statutes within fourteen days of entry of this order.

New Orleans, Louisiana, this 22nd day of September, 2009.

UNITED STATES DISTRICT JUDGE